## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBBIE J. BROCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. CIV-05-1324-F** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on June 11, 2003, with a protective filing date of May 14, 2003, and she filed her application for supplemental security income benefits on June 11, 2003, alleging a disability onset date of September 1, 2002. Tr. 48-50, 230-33. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 24, 25, 26-28, 30-31,

234, 235-37, 238, 239-40.  Pursuant to Plaintiff's request, a hearing de novo was held

before an administrative law judge on November 10, 2004.  Tr. 32, 250-72.  Plaintiff

appeared with her attorney, and she offered testimony in support of her applications. Tr.

252, 255-71.  A vocational expert appeared at the request of the administrative law judge,

but did not testify.  Tr. 44, 252. The administrative law judge issued his decision on

March 14, 2005, finding that Plaintiff was not disabled within the meaning of the Social

Security Act and that she was thus not entitled to either disability benefits or to

supplemental security income benefits. Tr. 11-13, 14-23.  The Appeals Council denied

Plaintiff's request for review on September 9, 2005, and thus the decision of the

administrative law judge became the final decision of the Commissioner.  Tr. 6-8, 9.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of

review as follows:

> We review the agency's decision to determine whether the factual findings
> are supported by substantial evidence in the record and whether the correct
> legal standards were applied. Substantial evidence is such relevant
> evidence as a reasonable mind might accept as adequate to support a
> conclusion.  However, a decision is not based on substantial evidence if it
> is overwhelmed by other evidence in the record or if there is a mere
> scintilla of evidence supporting it.  The agency's failure to apply correct
> legal standards, or show us it has done so, is also grounds for reversal.
> Finally, because our review is based on the record taken as a whole, we will
> meticulously examine the record in order to determine if the evidence
> supporting the agency's decision is substantial, taking into account
> whatever in the record fairly detracts from its weight.  However, we may
> neither reweigh the evidence nor substitute our discretion for that of the
> Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and

citations omitted).  The Commissioner follows a five-step sequential evaluation process

2

to determine whether a claimant is disabled. <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. <u>Id.</u> at 751, n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. <u>Id.</u> at 751.

## III.  DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. Tr. 15, 22. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 15, 22. At steps two and three, the administrative law judge found that Plaintiff is status post low back surgery times two, status post carpal tunnel release surgery, status post rectocele repair surgery and that she suffers from obesity and depression; impairments that are severe, either singly or in combination, but not severe enough to meet or equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. Tr. 16, 22. The administrative law judge then found that Plaintiff had the residual functional capacity to perform sedentary work, because he could not find a sufficient basis for restricting her work activities other than with respect to strenuous physical activities, particularly lifting and carrying and prolonged standing and walking due to her obesity. Tr. 20, 22. Based upon this residual functional capacity, the administrative law judge found at step four that Plaintiff could not perform her past relevant work. Tr. 21, 22. At step five, relying upon the Medical-

Vocational Guidelines, the administrative law judge found that there are a significant number of jobs in the region that a person with Plaintiff's residual functional capacity and vocational factors could perform, and that Plaintiff was not under a disability at any time through the date of the decision. Tr. 21-22.

## IV.  DISCUSSION

### A.  ISSUES ON APPEAL

Plaintiff raises one issue on appeal.  She argues that the administrative law judge erred in formulating her residual functional capacity because he failed to include all of her limitations, including a limitation imposed by the Agency's reviewing physician with regard to Plaintiff's ability to stoop.  Within this argument the Plaintiff also argues that the administrative law judge's findings at step four of the sequential analysis with regard to her depression are inconsistent with his findings at step two, and that the administrative law judge erred in assessing her pain.

### 1.  Plaintiff's Residual Functional Capacity

Plaintiff first claims that the administrative law judge erred in assessing her residual functional capacity at step four of the sequential analysis because he failed to include all of her limitations.   Plaintiff does not specify what limitations the administrative law judge failed to include, other than arguing that he erroneously excluded a limitation on her ability to stoop, a limitation imposed by the Agency's reviewing physician because of Plaintiff's limited range of motion in her back extension. Tr. 194.

4

The Agency's reviewing physician stated that Plaintiff was limited to stooping only "occasionally." Tr. 194. Plaintiff argues that the administrative law judge's decision must be reversed and remanded because he did not include this limitation in assessing her residual functional capacity. Plaintiff is correct that the administrative law judge did not include a limitation on stooping in his residual functional capacity findings. However, as noted by the Commissioner, sedentary jobs by definition require no more than occasional stooping. "An ability to stoop occasionally . . . is required in most unskilled sedentary occupations," and such a restriction should only minimally erode the unskilled occupational base of sedentary work. Social Security Rule 96-9p, 1996 WL 374185, *8. Therefore, the ability to stoop only occasionally does not preclude the performance of sedentary work. See e.g. Hull v. Chater, No. 96-7004, 1996 WL 528317, *1 (10th Cir. Sept. 17, 1996)[1] (the administrative law judge's failure to include a restriction to only occasional stooping would not impact the claimant's ability to perform sedentary work, which by its nature requires no significant stooping)(citations omitted); Austin v. Barnhart, 83 Fed.Appx. 812, 815, 2003 WL 22853032, *3 (7th Cir. Nov. 21, 2003) ("Basically, a person must be able to stoop occasionally in order to perform all sedentary work," citing Social Security Ruling 96-9p). Accordingly, the administrative law judge's failure to include a limitation on Plaintiff's ability to stoop as part of her residual functional capacity and his failure to discuss the reviewing physician's limitation does not require remand of this matter, because sedentary jobs do not require greater than occasional stooping.

---

[1]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Plaintiff also argues that the administrative law judge's decision is internally inconsistent because at step two, the administrative law judge found that Plaintiff suffered from "severe" depression and at step four, he found that Plaintiff's depression was "not severe."  Tr. 16, 18.  The Commissioner argues that the administrative law judge's decision was not inconsistent in light of his finding at step two that Plaintiff's impairments, either singly or in **combination** were severe.  Tr. 16.  The undersigned concurs.

At step two of the sequential analysis the administrative law judge summarized Plaintiff's impairments, including her numerous surgeries, her obesity and her depression.  He found the impairments either "singly or in combination" to be severe. Tr. 16.  In assessing Plaintiff's residual functional capacity at step four the administrative law judge concluded that Plaintiff did not suffer from any limitations as a result of her depression.  He first summarized the opinion of the non-examining consultant, and he then concluded:

> The Administrative Law Judge agrees with this psychiatric review technique form (PTRF) analysis and has reached the same conclusions about the above cited areas of function.  Claimant [has] not sought treatment for depression from a mental health professional, and she did not testify at the hearing to a mental health impairment.  In short, the record warrants the conclusion that claimant has not had a mental health impairment, due to depression or otherwise, which has interfered with the performance of basic work-related activities (hence claimant's mental health impairment(s) is not "severe").

Tr. 18.  The administrative law judge's decision with regard to Plaintiff's depression is supported by the record and the medical evidence.  It was not internally inconsistent for the administrative law judge to conclude that Plaintiff's depression was itself not severe

although in combination with her other impairments it was part of a severe impairment. Additionally, a diagnosis of a mental disorder does not necessarily mean that a claimant is disabled by that disorder.  Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988).  Here, Plaintiff did not present evidence that her depression had any relevant vocational impact, and the administrative law judge gave a thorough explanation of his decision with regard to Plaintiff's depression and his decision in that regard is supported by substantial evidence.  Accordingly, the administrative law judge's analysis of Plaintiff's depression provides no basis for remand of this matter.

In her final argument regarding the administrative law judge's residual functional capacity assessment, Plaintiff complains that the administrative law judge erred in assessing her back pain.  Plaintiff argues that she has been seen repeatedly by physicians for low back pain and because these doctors noted her pain, the administrative law judge erred in evaluating her pain.  Plaintiff alleges that the administrative law judge improperly disregarded the medical records and opinions of J. Brett Dietze, M.D., her treating orthopedic surgeon.  Plaintiff, however, does not specify what specific opinions the administrative law judge failed to adequately consider, and review of the administrative law judge's opinion reveals that he adequately considered the opinions of Plaintiff's treating physician.  Although Plaintiff couches this argument as a treating physician rule violation, analysis of pain and whether pain is disabling involves an analysis by the administrative law judge of the claimant's credibility, where, as here, Plaintiff's treating physician did not opine that Plaintiff was disabled as a result of her pain.  Accordingly, to the extent Plaintiff's brief can be construed as arguing that the

administrative law judge erred in assessing her residual functional capacity because he discounted her allegations of disabling pain, the undersigned will consider the administrative law judge's pain analysis.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1.  Some of the factors that may be considered in assessing a claimant's credibility as to her disabling pain include (1) her  daily activities; (2) the location, duration, frequency, and intensity of her pain; (3) factors that precipitate and aggravate the pain; (4) the type, dosage, effectiveness, and side effects of any medication she receives or has received for relief of pain; (5) treatment, other than medication, the claimant has received for relief of pain; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms.  Social Security Ruling 96-7p, 1996 WL 374186, * 3; 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3); Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies.  Qualls v. Apfel, 206 F.3d 1368, 1372 ( 10th Cir. 2000). He is not, however, required to undertake a factor-by- factor analysis and discuss every piece of evidence in the record.  Id.

In this case, the administrative law judge acknowledged the governing standard and stated that he had evaluated the evidence in compliance therewith.  Tr. 17.  He then concluded:

> The Administrative Law Judge does not find credible claimant's allegations of multiple impairments imposing both exertional and non exertional limitations of such severity as to preclude the performance of any substantial gainful work activity.  The totality of the record persuades the Administrative Law Judge that although claimant has voiced rather marked functional limitations, the true extent of her functional limitations is signficiantly less than that which is alleged.

Tr. 17.  The administrative law judge continued his credibility analysis by examining Plaintiff's individual allegations, beginning with her allegations of depression.  Tr. 17-18. The administrative law judge then took note of Plaintiff's rectocele repair, concluding that there was no medical evidence of any secondary conditions or functional impairment as a result of the rectocele.  Tr.  18.  He further concluded that even if Plaintiff has had a recurrence of urinary incontinence, it was amenable to additional surgery and is not disabling.  Tr.  18.

Finally, the administrative law judge addressed Plaintiff's back pain.  Tr. 18-19. He summarized her medical records, noting his careful consideration of her history of back surgery.  Tr. 18.  He noted that Plaintiff had a successful disc excision in April 1995, performed by S. Drew Temple, M.D., who suggested that Plaintiff lose weight to further alleviate her back pain.  Tr. 18, 105, 109, 110, 111-12.  The administrative law judge noted that Plaintiff did not seek any definite treatment for her back pain for almost six years, at which time she sought treatment from J. Brett Dietze, M.D..  Tr. 18, 149.  At this January 23, 2001 appointment, Dr. Dietze recommended a lateral recess decompression,

which was performed on February 9, 2001. Tr. 18, 149, 150, 155-58. The administrative law judge noted Dr. Dietze's March 15, 2001 report that Plaintiff felt "much better," and his record that Plaintiff had only occasional back pain as of May 1, 2001, and that her leg pain was fully resolved. Tr. 18, 150-51. Plaintiff returned to Dr. Dietze two years later, on May 1, 2003. Tr. 18, 151. The MRIs obtained by Dr. Dietze did not indicate a need for aggressive treatment of her back, six weeks of physical therapy was prescribed, which Plaintiff did not complete.. Tr. 18, 130, 151.

The administrative law judge also noted Plaintiff's complaints regarding carpal tunnel syndrome, and the treatment that she received to her wrists. Tr. 18, 151, 222-23. The administrative law judge noted that Plaintiff reported to Dr. Dietze three weeks after surgery that she was feeling "much better." Tr. 18, 221. The administrative law judge summarized the findings of the consultative examiner, Gordon B. Strom, M.D., who found a full range of forward motion, no objective muscle spasms, a normal gait and adequate grip strength. Tr. 19, 185-87. The administrative law judge continued with his credibility assessment:

> The credible medical opinions and notes throughout the record weigh heavily against claimant's allegations of disability. The allegations of symptom levels that preclude all types of work are not consistent with the evidence as a whole and are not credible. None of the physicians involved in claimant's evaluation have provided objective findings which would indicate that claimant was disabled nor have they provided any credible statement or recommendation that she has been unable to perform substantial gainful activity for a continuous period of at least 12 months.

> The Administrative Law Judge has given careful consideration to claimant's allegations of disabling functional limitations and pain which began September 2002. Claimant alleges that she has intractable, unrelenting pain in her lower back and lower extremities. The medical evidence (including the frequency upon which claimant has sought treatment) tends

to suggest that claimant, rather than experiencing pain of an intractable nature, experiences severe pain on only rare occasion. Claimant did not return to Dr. Dietze after May 2001, nor did she seek significant treatment of an orthopedic/neurologic nature from any other source, until May 2003, at which time there was no indication for further spine surgery. It would appear that if in September 2002 claimant were experiencing the degree of intractable pain and discomfort in her back and lower extremities which she alleges, she would have, at that time, sought additional treatment with the appropriate medical specialist.

As previously noted, claimant's post alleged disability onset date diagnostic tests have showed no lesions warranting additional spine surgery. The record fails to suggest claimant was experiencing progressively severe difficulty at the time she stopped working in October 2002.

It does not appear that claimant has regularly taken much in the way of pain medication. Upon examination in May, 2001, claimant told Dr. Dietze that she was not taking any anti-inflammatory medication for back pain (Exhibit 4F). The Administrative Law Judge finds no contraindication for prescribed pain medications. In short, the Administrative Law Judge concludes that claimant's prior statements to treating physicians simply are not consistent with her present allegations of a disabling level of pain.

Tr. 19. The administrative law judge made further findings with regard to Plaintiff's ability to walk and sit, noting the findings of the consultative examiner that Plaintiff had a normal gait and walked without assistance. Tr. 20, 186, 187. The administrative law judge continued his credibility analysis:

It should be apparent from the above discussion that claimant's testimony regarding severe unremitting pain and marked functional limitations is at great odds compared to the clinical and diagnostic medical evidence of record. Although claimant may admit to few activities of daily living, the record does not reflect that this is other than on a voluntary as opposed to a medical basis. There is nothing in the record to support claimant's testimony that she must lay down during the day for pain relief.

Moreover, claimant's prior statements indicate that she was able to engage in a wide range of daily activities (Exhibit 4E). Claimant lives with her husband and her son. Claimant stated that she maintained the home, cooked, shopped, visited, and was involved with the quarterback club, rodeo association, and FFA. This activity is not consistent with disabling

impairments.  Despite her current testimony, claimant's treatment for carpal tunnel syndrome, in her own words to Dr. Dietze, was a success. The evidence will not support a finding that claimant is precluded from the performance of sedentary work due to her history of carpal tunnel. Claimant makes much use of her hands when engaging in her usual homemaker chores.

Chronic pain will often result in certain observable manifestations such as loss of weight due to loss of appetite from incessant pain, muscular atrophy due to muscle guarding, muscular spasms, the use of assistive devices, prolonged bed rest, or adverse neurologic signs.  In the present case, no such signs exist.  The record fails to demonstrate the presence of any pathological clinical signs, significant medical findings, or any neurologic abnormalities which would establish the existence of a disabling pattern of pain.

Tr. 20.

This thorough credibility analysis by the administrative law judge is more than sufficient to meet his burden of <u>Luna</u> and Social Security Ruling 96-7p.   The administrative law judge discussed Plaintiff's history of pain, her allegations of pain, her attempts to alleviate pain, her treatment attempts and her daily activities.  Although the Plaintiff disagrees with the administrative law judge's ultimate decision about the disabling nature of her pain, credibility determinations are peculiarly the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence.  <u>Diaz v. Secretary of Health and Human Services</u>, 898 F.2d 774, 777 (10th Cir. 1990); <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir.1995)(same).   The administrative law judge did not fully discount Plaintiff's allegations, as noted by his finding that Plaintiff could perform only sedentary work, in contrast to the reviewing physician's recommendation that Plaintiff could perform medium work.  Tr. 20, 193.

Because the administrative law judge's decision with regard to Plaintiff's credibility was supported by substantial evidence, Plaintiff is not entitled to remand on this basis.

### **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 18, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 28th day of June, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

13